■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HUDSON MOORE, Appellant.— Judgment unanimously affirmed. Same Memorandum as in *People* v. *Marshall* (29 A D 2d 624) decided herewith. (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ WILFRED J. DAILEY, Doing Business as Dailey Distributing Company, Respondent-Appellant, v. ROGER URBAN, Appellant-Respondent.— Order unanimously modified to provide that the motions of the parties for summary judgment are partially granted to the extent that the complaint be dismissed in its entirety, that the defendant have judgment against the plaintiff for the sum of $400 with interest and for the sum of $843 with interest, and that the third ordering paragraph be reversed, and as so modified order affirmed, with costs to the defendant. Memorandum: The defendant should be reimbursed for the additional rental that he was required to pay to Hutchinson because of the plaintiff's cancellation of the paramount lease. Analyzing these payments from one viewpoint (highly technical in view of the facts of this case) these rentals were voluntarily paid by defendant. But he found himself in a position where, as a practical matter, he had the right to make these payments and then look to the plaintiff for reimbursement. All of his difficulties in this matter were caused by the plaintiff's activities, particularly in relation to the cancellation of the paramount lease with Hutchinson. The so-called equipment rental agreement was in fact a purchase agreement, and any payments made thereon by the defendant were actually for the benefit of the plaintiff. Defendant received no benefits therefrom, except for a limited use of the equipment for a brief period of time, which we consider *de minimis*. The question of the damages which the defendant may have suffered, which we have not awarded in summary judgment, by virtue of plaintiff's breach of contract, and a determination of the proper measure of damages and the amount thereof should be determined upon the trial of the issues raised by the defendant's counterclaim and the plaintiff's reply. (Appeal and cross appeal from order of Monroe Special Term denying motions for summary judgment and dismissal of complaint in action for rent.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.